97 F.3d 1454
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph TROTTER, Plaintiff-Appellant,
v.
Guy E. JONES, et al., Defendants-Appellees.
 No. 94-3989.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 12, 1996.
 
 Before BAUER, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 Order
 
 1
 Joseph Trotter, an inmate at the Centralia Correctional Center in Illinois, brought this suit under 42 U.S.C. § 1983 alleging that he was denied a prison job because of his homosexuality. The parties consented to decision by a magistrate judge, who entered summary judgment for the defendants after concluding that "[a]t no time was plaintiff's sexual orientation or preference considered in the hiring process."
 
 
 2
 The magistrate judge's decision was based on affidavits submitted by the defendants. To avoid summary judgment, plaintiff had to submit evidence creating a genuine issue of material fact. (We assume without deciding that consideration of sexual orientation in prison employment calls for at least some judicial scrutiny under § 1983. Cf. Anderson v. Romero, 72 F.3d 518 (7th Cir.1995).) Trotter filed affidavits asserting that other prisoners told him that they overheard conversations in which guards made derogatory references to his homosexuality. These get Trotter nowhere, because they are not based on Trotter's personal knowledge, as Fed.R.Civ.P. 56(e) requires. See Celotex Corp. v. Catrett, 477 U.S. 316, 324-25 (1986). The inmates to whom the statements were made could have signed affidavits (for the statements to them, from defendants or their agents, would not be hearsay), but they did not, and the record does not contain any first-hand evidence supporting Trotter's position.
 
 
 3
 Trotter contends that the judge should have allowed additional time for him to procure such evidence, but he had four and a half years to do so--the case was filed in April 1990, and summary judgment was granted in November 1994. Between April 1991 and January 1993 Trotter was represented by counsel. (Trotter fired his lawyer and decided to proceed unassisted.) Although the defendants were not as forthcoming as they should have been (the magistrate judge granted several motions to compel production), it is not from the defendants that Trotter needed to gather evidence. He had to secure some evidence from his fellow inmates; Trotter did not produce even a single affidavit from the inmates who supposedly overheard the statements on which he relies. The defendants, for their part, filed two affidavits from inmates who attested that Trotter fabricated the statements attributed to them in his affidavit. Trotter attached another inmate's helpful affidavit to his appellate brief, but this is the wrong forum and far too late. He had an adequate opportunity to conduct discovery, and the judgment is
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)